## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SKYLAR A. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-338-SPM |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), denying the application of Plaintiff Skylar A. King ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 6). For the reasons stated below, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2020, Plaintiff applied for SSI, alleging that he had been unable to work since March 11, 2017. (Tr. 547-54). He alleged that his disabling conditions were multiple sclerosis, psoriatic arthritis, chronic venous insufficiency, chronic swelling, chronic inflammation, peripheral neuropathy, and hemochromatosis. (Tr. 576). His application was denied initially and on reconsideration. (Tr. 490-93, 497-501).

Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ"), and on April 7, 2021, the ALJ held a hearing on Plaintiff's claims. (Tr. 395-424). At the hearing, Plaintiff testified that he last worked in 2017, as a truck unloader, and that he was fired because of having to take frequent breaks because of pain and moving slowly. (Tr. 410). He testified that he has pain in his lower back, legs, ankles, feet, and arms; that he cannot sit or stand for long periods of time and needs to lie down frequently; and that he cannot do repetitive work with his hands because it causes severe pain, especially in his left hand. (Tr. 411-12). He spends his time in his recliner with his feet up. (Tr. 413).

On June 10, 2021, the ALJ issued an unfavorable decision. (Tr. 241-64). On July 7, 2021, Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. (Tr. 544-45). Plaintiff submitted several additional records to the Appeals Council, including a Medical Source Statement from his treating physician, Dr. Joseph Eickmeyer, indicating that Plaintiff had limitations much more significant than those found by the ALJ. On March 4, 2022, the Appeals Council denied the request for review. (Tr. 1-6). With respect to the additional evidence Plaintiff submitted to the Appeals Council, the Appeals Council noted that some records did "not relate to the period at issue" and that other records (including the Medical Source Statement from Dr. Eickmeyer dated December 21, 2021) did "not show a reasonable probability that [they] would change the outcome of the decision." (Tr. 2).

Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to the medical and vocational records, the Court accepts the facts as set forth in the parties' respective statements of fact and responses.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The individual's impairments must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(a)(ii); *McCoy*, 648 F.3d at

3

611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of

other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.960(c)(2).

### III.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since July 2, 2020, the application date; that Plaintiff had the severe impairments of psoriatic arthritis, multiple sclerosis, obesity, and hereditary hemochromatosis; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 247-52). The ALJ found that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that he can frequently climb ramps and stairs and occasionally climb ladders, ropes or scaffolds. He can frequently stoop, kneel, crouch and crawl. He must avoid all exposure to vibration and hazards, such as unprotected heights and moving mechanical parts. He can frequently handle and finger with the left upper extremity.

(Tr. 252). At Step Four, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing his past relevant work as a gate keeper. (Tr. 258). The ALJ also made an alternative Step Five finding that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 258-59). Accordingly, the ALJ found that Plaintiff had not been under a disability, as defined in the Act, since July 2, 2020. (Tr. 260).

### IV.    STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the

agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff's principal argument is that the decision of the Commissioner should be reversed and remanded because the Appeals Council erred in finding that Dr. Eickmeyer's Medical Source Statement did not relate back to the adjudicated period. Plaintiff also argues that there is a reasonable probability that Dr. Eickmeyer's Medical Source Statement would have changed the outcome of the ALJ's decision and that the decision of the ALJ is contrary to the weight of the

evidence currently of record. Defendant argues that the Court should not review the decision of the Appeals Council to deny review, but should review the record as a whole, including the new evidence, and determine whether the ALJ's decision is supported by substantial evidence. Defendant argues that even when the new evidence is considered, the decision of the ALJ is supported by substantial evidence.

### A.  Judicial Review Where the Appeals Council Denies Review

Plaintiffs' principal argument concerns an error by the Appeals Council in its decision about whether to grant review of his case. The regulations describe several specific circumstances under which the Appeals Council is required to review a case. 20 C.F.R. § 416.1470(a). As relevant here, "The Appeals Council will review a case at a party's request or on its own motion if . . . the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). If the Appeals Council grants review, the decision of the Appeals Council becomes the final decision of the Commissioner and is subject to review by the Court. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). If the Appeals Council denies review and "it is clear that the Appeals Council has considered newly submitted evidence, [the court] do[e]s not evaluate the Appeals Council's decision to deny review. Instead, [its] role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

If the Appeals Council denies review after declining to consider evidence based a finding that the additional evidence is not "new," is not "material," or does not relate to the period at issue,

the court may review *de novo* the specific finding that led the Appeals Council to deny review. *See Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) ("The Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b), material, and (c) relates to the period on or before the date of the ALJ's decision. Its failure to do so may be a basis for remand by a reviewing court. Whether [additional evidence submitted to the Appeals Council] is new, material and related to the relevant period is a question of law reviewed de novo.") (internal citation and quotation marks omitted); *Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir. 1990) (holding Appeals Council erred in finding that additional evidence was not new or material and refusing the consider the evidence; remanding for consideration of the additional evidence). *See also, e.g., Goodwin v. Astrue*, 549 F. Supp. 2d 1125, 1128-29 (D. Neb. 2008) ("When additional evidence is submitted to the Appeals Council in an attempt to obtain review of an ALJ's decision, and the Appeals Council denies review *with an express finding that the additional evidence is not new or material*, a reviewing court has jurisdiction to determine whether the Appeals Council erred in determining that the evidence was not 'new' or 'material' within the meaning of 20 C.F.R. 404.970(b)"); *Hennemann v. Kijakazi*, No. 4:21-CV-00038-NCC, 2022 WL 4093938, at *4 (E.D. Mo. Sept. 7, 2022) (remanding where the Appeals Council declined to consider a medical source statement dated after the ALJ's decision based on an erroneous finding that it did not relate to the adjudicated period). The Eighth Circuit has held that such review falls within the court's "[j]urisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations." *Browning*, 958 F.2d at 822-23.

### B. Whether the Appeals Court Erred in Determining that Dr. Eickmeyer's Opinion Did Not Relate to the Adjudicated Period

Plaintiff argues that the Appeals Council erred in finding that Dr. Eickmeyer's Medical Source Statement did not relate to the period at issue—the period before the ALJ's June 10, 2021

decision. Both parties appear to take the position that the Appeals Court made this finding. *See* Pl.'s Br., Doc. 21, at 5; Def.'s Br., Doc. 23, at 5. To the extent that  the Appeals Council made such a finding, the Court agrees with Plaintiff that the finding was erroneous. As discussed above, the Appeals Council's determination that additional evidence does not relate to the period at issue is question of law that the Court reviews *de novo*, and an error by the Appeals Court with regard to this question may warrant remand. A review of Dr. Eickmeyer's Medical Source Statement makes it clear that it relates to the period at issue. Dr. Eickmeyer wrote in the December 2021 opinion that he had been treating Plaintiff since 2003, that Plaintiff had various limitations associated with his conditions, and that "[Plaintiff] has been this same way for at least the past 2 yrs." (Tr. 11). This shows that the Medical Source Statement was directed toward Plaintiff's abilities beginning in December 2019, a year and a half before the end of the relevant period. Thus, the Medical Source Statement relates to the relevant period, and a finding to the contrary is erroneous. *See, e.g., Hennemann*, 2022 WL 4093938, at *4 (finding the Appeals Court erred in finding that a medical source statement dated after the ALJ's decision did not relate to the adjudicated period where the medical source statement stated that the limitation in it applied to the adjudicated period); *Lucas v. Saul*, No. 2:18-CV-45-CDP, 2019 WL 4221519, at *3 (E.D. Mo. Sept. 5, 2019) (finding the Appeals Court erred in finding that a doctor's opinion letter dated after the ALJ's decision did not relate to the adjudicated period where the letter provided a sufficient basis to conclude that it related to the period prior to the ALJ's decision).

The Court will not remand on this basis, however, because the Court's reading of the record is that that the Appeals Council did *not* actually make a finding that Dr. Eickmeyer's opinion did not relate to the period at issue. With regard to the additional evidence submitted by Plaintiff, the Appeals Council stated:

> **You submitted a Medical Source Statement from Joseph Eickmeyer, DO, dated December 21, 2021** (7 pages); and medical records from Joseph Eickmeyer, DO, dated September 8, 2020, through May 17, 2021 (38 pages); SSM Cancer Care, dated May 20, 2021 (24 pages); and SSM Neurosciences South, dated December 17, 2020 (30 pages). **We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.**
>
> **You submitted medical records from Joseph Eickmeyer, DO, dated June 22, 2021, through October 10, 2021 (7 pages**); SSM Health St. Clare Hospital, dated July 1, 2021, through October 10, 2021 (214 total pages); and SSM Neurosciences South, dated June 14, 2021 (27 pages). The Administrative Law Judge decided your case through June 10, 2021. **This additional evidence does not relate to the period at issue.** Therefore, it does not affect the decision about whether you were disabled beginning on or before June 10, 2021.

(Tr. 2) (emphasis added). Based on these statements, it appears that the Appeals Council's finding that evidence did not relate to the period at issue was directed toward a subset of evidence that did *not* include Dr. Eickmeyer's opinion. Because the Appeals Council did not actually make the error asserted, this argument does not warrant remand.

### C. Whether the Appeals Council  Erred in Determining That Dr. Eickmeyer's Opinion Does Not Show a Reasonable Probability that It Would Change the Outcome of the Decision

Plaintiff next argues that, contrary to the decision of the Appeals Council, there is a reasonable probability that Dr. Eickmeyer's opinion would change the outcome of the case.[1] Whether this claim of error is reviewable by this Court presents a difficult question. Although it is well established that the Court may review an Appeals Council's refusal to consider evidence based on an erroneous finding that the evidence was not "new," "material," or related to the relevant period, the Court has not found any Eighth Circuit decisions addressing the standard of

---

[1] It is not entirely clear to the Court whether Plaintiff is asserting this as a claim of error independent of the asserted error regarding whether this opinion is relevant to the adjudicated period. The Court will assume that he is doing so.

review where the Appeals Council makes a determination that additional evidence does not create a reasonable probability of a change in the outcome. The Court notes that the "reasonable probability" language was not present in 20 C.F.R. § 416.1470 until an amendment to the regulation effective January 17, 2017. Some district courts interpreting the amended regulation have reviewed an Appeals Council finding of no "reasonable probability" in the same way as courts review findings regarding whether evidence is "new" or "material," finding that a failure to consider evidence based on an erroneous reasonable probability finding may warrant remand. *See, e.g., Svoboda v. Berryhill*, No. 4:17-CV-2437-JMB, 2018 WL 3036464, at \*8 (E.D. Mo. June 19, 2018) (remanding because the Appeals Council "incorrectly decided not to consider and exhibit" certain additional evidence where the Appeals Council's reason was that the evidence "does not show a reasonable probability that it would change the outcome of the decision" and the court found that the evidence *did* show a reasonable probability that it would change the outcome of the decision). Other district courts have held that a finding regarding reasonable probability necessarily shows that the Appeals Council did "consider" the evidence, such that the district court's role is limited to reviewing the entire record under the substantial-evidence standard. *See, e.g.*, *Deanna T. v. Kijakazi*, No. 20-CV-576 (ECW), 2021 WL 3620172, at \*23 (D. Minn. Aug. 16, 2021)  (holding that to make a determination that the additional evidence did not show a reasonable probability that the outcome of the ALJ's decision would change, "the Appeals Council would, necessarily, have needed to consider the additional evidence" and thus examining the record as a whole, including the additional evidence, to determine whether it supports the ALJ's decision, rather than reviewing for Appeals Council error). A district court in another circuit addressing this question has noted that it involves "a swampy area of Social Security appeals law."

*Goratowski v. Kijakazi*, No. 21-CV-1054-BHL, 2022 WL 11054083, at *4 (E.D. Wis. Oct. 19, 2022).

After review of the record as a whole, the Court finds that it need not wade into this "swampy area" of law. As discussed below, regardless of whether the Court could remand based on a finding that the Appeals Council erred in finding no reasonable probability that the additional evidence would change the outcome of the ALJ's decision, the Court finds that remand is required even under the standard of review advocated by Defendant—whether the ALJ's decision is supported by substantial evidence even when the additional evidence is considered.

### D. The ALJ's Decision Is Not Supported by Substantial Evidence When the Additional Evidence Is Considered

The Court next turns to the question of whether the ALJ's determination "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). *See also McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013). *See also McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) ("When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, 'we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination.'") (quoting *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). The Eighth Circuit has noted that making this determination requires the Court to "speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing," which is "a peculiar task for a reviewing court." *Riley*, 18 F.3d at  622.

After review of the entire record, the Court finds that the additional evidence submitted to the Appeals Council sufficiently undermines the ALJ's RFC finding that the Court can no longer

say that the finding  is supported by substantial evidence. The ALJ here found that Plaintiff had the RFC to perform light work, with some additional limitations such as only being able to frequently handle and finger with the left upper extremity. (Tr. 252). The record on which the ALJ made that determination consisted of treatment records from a variety of providers (with the treatment records including numerous normal or nearly normal objective examinations but also some significantly abnormal physical and radiographic examination findings, as set forth in the parties' statements of facts); Plaintiff's own statements regarding his limitations; and two residual functional capacity assessments by state agency consultants who reviewed a subset of Plaintiff's medical records and found Plaintiff capable of light work—one from Judee Bland, M.D. signed in August 2019 (Tr. 452-54), and one from James Weiss, M.D., dated November 2020 (Tr. 466-69). The ALJ also considered the absence of evidence from doctors to support additional limitations, stating, "The record does not document physician findings of significant work-related limitations from any impairment, including multiple sclerosis"; and "There is no persuasive evidence that a treating physician has reported that the claimant's obesity results in severe symptoms and limitations of function, for twelve consecutive months in duration, despite compliance with treatment." (Tr. 256-57).

The additional evidence submitted to the Appeals Council included the Medical Source Statement of Dr. Eickmeyer, who had been treating Plaintiff since 2003. Dr. Eickmeyer noted that Plaintiff's diagnoses included multiple sclerosis, psoriatic arthritis, morbid obesity, and chronic fatigue. He noted that  the signs, symptoms, and objective findings supporting the diagnoses and severity of symptoms included severe psoriatic rash with arthritic joint pain; swelling in the hands, knees, and ankles; poor balance; fatigue; loss of dexterity in the left hand; difficulty walking; and MRI findings of lesions on the brain and spine and chronic demyelination. He opined that Plaintiff

would miss work two or more days per month due to pain in his legs, fatigue, and the need for medical treatment and doctor's appointments; that Plaintiff's pain and fatigue would interfere severely with his attention and concentration; that Plaintiff would need frequent breaks due to pain and chronic fatigue; that Plaintiff would have limitations on sitting related to morbid obesity and back pain; that Plaintiff could only stand or walk for twenty minutes at a time because of fatigue, leg swelling, balance issues, and back pain; and that Plaintiff could not even occasionally perform grasping or fine manipulation with his left hand due to loss of dexterity. Dr. Eickmeyer also opined that Plaintiff's obesity contributes to his pain and fatigue by making everything worse. He stated that Plaintiff had been the same way for at least the past two years. (Tr. 8-11).

The new opinion from Dr. Eickmeyer is directly relevant to the determination of Plaintiff's functional limitations during the relevant period and includes explanations of the diagnoses and objective findings that the physician believes support those limitations. As Plaintiff states in his brief, there is objective evidence in the record that appears to support Dr. Eickmeyer's opinions at least to some extent, including abnormal EMG findings in the upper left extremity, findings of diminished sensation in the feet, findings of borderline positive Romberg with sway, and abnormal MRI findings of the brain and spine. The Court notes that there were no medical opinions similar to Dr. Eickmeyer's in record before the ALJ that the ALJ analyzed and found unpersuasive, such that the Court might predict that the ALJ would similarly find this opinion unpersuasive. The Court also notes that the record before the ALJ did not include opinion evidence that was obviously more persuasive than this evidence; the only opinions in the record are those of the state agency medical consultants, who did not have the benefit of examining Plaintiff or reviewing records for the entirety of the relevant period. Finally, the Court notes that the ALJ relied in part on the absence

14

of opinion evidence from physicians that Plaintiff had limitations more severe than those reflected in the RFC; Dr. Eickmeyer's Medical Source Statement provides precisely that evidence.

Under these circumstances, the Court finds that remand is required for the ALJ to consider Dr. Eickmeyer's Medical Source Statement in the context of the record as a whole and determine whether it affects the RFC finding and the ultimate disability determination. The Court takes no position on the extent to which the ALJ should find Dr. Eickmeyer's opinions persuasive. The Court acknowledges that, as the Commissioner argues in her brief, there is evidence in the record that appears to undermine Dr. Eickmeyer's opinions. But the opinion is sufficiently significant in light of the record as a whole that the ALJ should have the opportunity to evaluate this opinion in the first instance and determine whether it affects the ALJ's findings. *See, e.g., Lane v. Kijakazi,* No. 4:20-CV-1520-NAB, 2022 WL 4547000, at *4-*5 (E.D. Mo. Sept. 29, 2022).

**VI.    CONCLUSION**

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.


_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2023.